IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DEBORAH BOULAC,

    Plaintiff,

vs.                                                                              No. 19-CV-197-WPJ-JFJ

SMG, a Pennsylvania General Partnership,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court[1] upon Plaintiff Deborah Boulac's Second Motion in Limine to Exclude Defendant's Use of a Photograph That Depicts a Different Mat, in a Different Location, and Under Different Conditions, filed May 24, 2024. **Doc. 106**. Defendant SMG responded. **Doc. 123**. Having reviewed the parties' briefing and the applicable law, the Court finds Plaintiff Boulac's motion is not well-taken and therefore, denies the motion.

### BACKGROUND

On March 19, 2017, Plaintiff Boulac was a member of the CBS television sports crew during the NCAA men's basketball tournament at the Bank of Oklahoma ("BOK") Center in Tulsa, Oklahoma. **Doc. 106 at 1**; **Doc. 123 at 1**. Plaintiff Boulac tripped on a cheerleader mat on a walkway, causing her injuries. **Doc. 106 at 1**; **Doc. 123 at 2**. This cheerleader mat she tripped over, Plaintiff Boulac alleges, was removed and never to be seen again. **Doc. 106 at 2, 3–4**.

Consequently, Plaintiff Boulac seeks to exclude a photograph utilized by Defendant SMG of a different cheerleader mat. **Doc. 106 at 2**. She contends that this photograph depicts a different

---

[1] Chief United States District Court Judge William P. Johnson of the District of New Mexico was assigned this case as a result of the Tenth Circuit Order designating Judge Johnson to hear and preside over cases in the Northern District of Oklahoma.

mat, in a different location, under different conditions than what she was confronted with at the time of her injuries. *Id.* Therefore, Plaintiff Boulac argues, the photograph should be excluded under Federal Rules of Evidence ("Rules") 401, 402, and 403. Defendant SMG counters that this is not a random cheerleading mat; rather, it is "one of the cheerleading mats of the exact size, length, color and thickness of the mat that Ms. Boulac encountered on the day she was distracted and fell**.**" **Doc. 123 at 2**. Defendant SMG further argues that since Plaintiff Boulac never saw the mat she tripped over or has any photos of it, the jury "should be able to see one of the exact mats that was used on the day in question." **Doc. 123 at 4**.

Below is the photograph Plaintiff Boulac seeks to exclude. *See* **Doc. 106-1**. Defendant SMG identifies that the photograph was taken at the BOK Center on Friday March 17, 2017, around 8:00 a.m., two days before Plaintiff Boulac's injuries. **Doc. 123 at 3**; *see* **Doc. 123-2** (metadata of photograph).



## APPLICABLE LAW

Only evidence that is relevant may be admitted at trial. Fed. R. Evid. 402. This is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence;" and is "of consequence in determining the action." Fed. R. Evid. 401. However, even if the evidence is relevant, it may still be inadmissible if its "probative value is substantially outweighed by a danger" of unfair prejudice or if it misleads the jury. Fed. R. Evid. 403. The Court has broad discretion to determine whether or not prejudice inherent in otherwise relevant evidence outweighs its probative value." *United States v. Youts*, 299 F.3d 1312, 1319 (10th Cir. 2000) (citing *United States v. Esch*, 832 F.2d 531, 535 (10th Cir. 1987)).

Although Plaintiff Boulac bases her arguments on Rules 401–403, she argues that the scene depicted in the photograph—a cheerleader mat in a walkway—does not accurately depict the scene at the time of her injury. ***See* Doc. 106 at 2**. This is an authentication argument. Therefore, the Court must also examine the authentication requirements of Rule 901(a). "As a general rule, tangible evidence such as photographs must be properly identified or authenticated before being admitted into evidence at trial." *United States v. Blackwell*, 694 F.2d 1325, 1329–30 (D.C. Cir. 1982) (citing Fed. R. Evid. 901(a)). "Authentication and identification are specialized aspects of relevancy that are necessary conditions precedent to admissibility." *Id.* at 1330. And to be "properly identified and authenticated, there must be competent evidence from which to draw a reasonable inference that the photograph accurately depicts the scene it purports to represent." *BNSF Ry. Co. v. LaFarge Southwest, Inc.*, 2009 WL 4279862, at *1 (D.N.M. Feb. 15, 2009) (quoting *United States v. Lawson*, 494 F.3d 1046, 1052 (D.C. Cir. 2007)). This inquiry must take into account the particular purpose for which the photograph is being offered, because

photographic evidence is admissible only if it is relevant to the specific issues at trial." *BNSF Ry. Co.*, 2009 WL at *1 (internal quotation marks and citation omitted).

## DISCUSSION

First, the Court finds the photograph satisfies the authentication requirement, which is a specialized aspect of relevancy. This trial surrounds Plaintiff Boulac's injuries from tripping on a cheerleader mat. So, the issues are whether Defendant SMG met or breached its duty of care owed to Plaintiff Boulac as licensee, and possibly whether the injury was the result of an open and obvious danger.

Plaintiff Boulac points out that this photo "depicts a different mat, in a different location, under different conditions." **Doc. 106 at 2**. Plaintiff Boulac's concern is that that the jury will likely conclude that *this* photo—depicting a cheerleader mat in a walkway—depicts the *same* mat, location, and conditions present when she was injured. Indeed, if Defendant SMG was offering the photo for this purpose, the Court would not allow it since the photo would not accurately depict what its proponent purports it represents. However, Defendant SMG is not purporting that. Instead, Defendant SMG is offering this photo to show the jury "*one of*" the cheerleading mats of the exact size, length, color and thickness of the mat that Ms. Boulac encountered." **Doc. 123 at 2** (emphasis added). And it is a photo "of the many cheerleader mats that were required to be used by the NCAA Operations Manuel." *Id.* The Court agrees with Defendant SMG that the jury, the trier of fact, "should be able to see one of the exact mats that was used on the day in question." Especially given the fact that Plaintiff's Boulac injuries stem from tripping over a cheerleader mat. In sum, the photo satisfies authentication under Rule 901 and relevancy under Rule 402.

Second, the Court finds the photograph satisfies Rule 403. Plaintiff Boulac argues that any probative value of this photo is substantially outweighed by unfair prejudice in that this photo

shows "pristine conditions" which is not representative of the conditions during her injury. **Doc. 106 at 4.** She also argues the photo would mislead the jury into thinking, again, the scene depicted is what she faced during her injuries. *Id.* The Court disagrees. First, it is for the jury to weigh the evidence. Second, Defendant SMG is not—nor would the Court allow—offering the photo as a depiction of the *exact* mat, location, and condition during Plaintiff's Boulac injuries. Additionally, Plaintiff Boulac will have plenty of opportunity on cross-examination to challenge or scrutinize the photo. In sum, the probative value of the evidence is not substantially outweighed by a danger of unfair prejudice or misleading the jury. The Court denies Plaintiff Boulac's request to exclude the photo; however, Defendant SMG still must lay a proper foundation for its admissibility.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Boulac's Motion in Limine to Exclude Defendant's Use of a Photograph that Depicts a Different Mat, in a Different Location, and Under Different Conditions, **Doc. 106**, is **DENIED**.

/s/
WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE