IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DEBORAH BOULAC,

        Plaintiff,

vs.                                                            No. 19-CV-197-WPJ-JFJ

SMG, a Pennsylvania General Partnership,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court[1] upon Plaintiff Deborah Boulac's Objections to Defendant SMG's Exhibit List (**Doc. 141**), and Defendant SMG's Objections to Plaintiff Boulac's Exhibit list (**Doc. 146**), both filed June 24, 2024. For the reasons that follow, Plaintiff Boulac's objections are overruled in part, sustained in part, and the Court reserves ruling in part. Defendant SMG's objections are overruled in part and considered moot in part.

DISCUSSION

**I.**       **Plaintiff Boulac's Objections to Defendant SMG's Exhibit List**

Defendant SMG filed its Final Exhibit List (**Doc. 125**) to which Plaintiff Boulac lodged many objections (**Doc. 141**). Plaintiff Boulac objects to Defendant SMG's Incident Report (No. 1.b), medical records (No. 2.a – 2.p), medical bills (No. 3.a – 3.q), Independent Medical Examination ("IME") Reports (No. 4.a – 4.e), Photographs (No. 5.a – 5.b), Videos (No. 6.a), Depositions (No. 7.a – 7.e), Expert Reports and CV's (No. 8), various broad exhibits (No. 9 – 15, 17–18), and Demonstrative Exhibits (No. 16.a). The Court takes each in turn.

---

[1] Chief United States District Court Judge William P. Johnson of the District of New Mexico was assigned this case as a result of the Tenth Circuit Order designating Judge Johnson to hear and preside over cases in the Northern District of Oklahoma.

A.      *Incident Report and Medical Records/Bills*

Plaintiff Boulac objects to a Viacom/CBS Incident Report (No. 1.b) and numerous medical records and bills (No. 2.a – 2.p; 3.a – 3.q). She bases her objections on Federal Rules of Evidence 801 and 802 (hearsay), 901 (authentication and identification); and the Court's prior order excluding collateral evidence (**Doc. 110**).

First, the Court reserves ruling on the Viacom/CBS Incident Report based on hearsay and authentication grounds until trial. Although out of court statements offered for the truth of the matter asserted—like reports—are hearsay, *see* Fed. R. Evid. 801, there are various exceptions to the rule that may bring such reports into evidence. *See* Fed. R. Evid. 803(6).[2] Plaintiff Boulac also argues the unredacted version of this report violates the Court's prior ruling prohibiting evidence of Plaintiff Boulac's workers compensation claim and benefits paid (**Doc. 110**). The Court overrules Plaintiff Boulac's objection to the unredacted portions of this report based upon that ground, but only to the extent it is consistent with 12 O.S. § 3009.1 (2015). ***See* Doc. 158**. In other words, if the unredacted portions of the Viacom/CBS Report are consistent with the Court's order regarding § 3009.1, the objection is overruled. But if § 3009.1 does not apply to the unredacted portions, then the objection is sustained, and the report should be redacted consistent with the Court's prior order in **Doc. 110**.

Second, the Court overrules Plaintiff Boulac's many objections to the medical records and bills (No. 2.a – 2.p; 3.a – 3.q). To the extent her objections are based on hearsay and authentication, the Court will take up appropriate objections during trial. And to the extent her objections are based on the Court's prior Order (**Doc. 110**), the issue is moot given its recent order on § 3009.1 (**Doc. 158**).

---

[2] Of course, the party offering such evidence must still lay a proper foundation before seeking its admissibility.

2

B.   *IME Reports*

Defendant SMG lists as exhibits Independent Medical Examination Reports by Dr. Randall Hendricks (No. 4.a), Dr. G. Bhanusali (No. 4.b), Dr. John Esposito (No. 4.c), Dr. Vito Loguidice (No. 4.d), and Dr. Adam Soyer (No. 4.e). Plaintiff Boulac objects to these reports based on relevance, hearsay, violation of the Court's prior Order (**Doc. 110**), and for all of the reports other than Dr. Randall Hendricks, based on failure to designate experts under Federal Rule of Civil Procedure 26.

The Court overrules the relevance and hearsay objections to Dr. Randall Hendricks' report. His report is relevant to the issue of damages and is helpful to the jury. Fed. R. Evid. 401–403. So long as an exception to the rule against hearsay is satisfied, and proper foundation and authentication is laid during trial, the Court overrules the objection to this exhibit.

However, the Court sustains the objections to the remaining doctors' reports based on Fed. R. Civ. P. 26(a)(2). These other doctors were not designated as experts or witnesses in Defendant SMG's final witness list (**Doc. 145**). Consequently, there are no means by which Defendant SMG can admit these reports at trial, either through a witness (*see* Fed. R. Evid. 602), or a different expert witness (*See* Fed. R. Evid. 703; Fed. R. Civ. P. 26(a)(2)).

C.   *Photographs and Videos*

Plaintiff Boulac next objects to Defendant SMG's "Venture Photos from 2024" (No. 5.a), "[a]ll other photographs of the BOK Center during March Madness and other relevant photos" (No. 5.b), and a video of a walkthrough of the BOK center (No. 6.a).[3] The two photograph exhibit designations appear to hold 81 photos in No. 5.a, and 75 photos in No. 5.b. Her objections are based upon Fed. R. Civ. P. 26, alleging they were not *produced* during discovery; lack of

---

[3] Defendant SMG timely listed these exhibits in their final exhibit list (**Doc. 125**) and timely produced the exhibits consistent with the Court's deadlines (**Doc. 97; 97-1**).

3

specificity regarding photos, in violation of the Court's Scheduling Order (**Doc. 97-1**); and based upon Fed. R. Evid. 401, 402, 602, and 902.

It is unclear what specific discovery rule Plaintiff Boulac relies on. Rule 26(a)(1)(A), for example, requires a party to provide only "a description by category" of documents that the disclosing party has in its possession. Rule 26(a)(1)(A) does not require *production*, only a description. *See Trial Lawyers College v. Gerry Spences Trial Lawyers College at Thunderhead Ranch*, No. 1:20-cv-80-JMC (D. Wy. Oct. 4, 2022). And Rule 26(e) is likewise unhelpful to Plaintiff Boulac because she does not provide the Court with "any reference to which interrogatories or requests for productions the documents would have been responsive." *Id.*

Therefore, the Court overrules the objection based on Rule 26. However, the Court reserves ruling on all of the photo exhibits (No. 5.a, 5.b) and video exhibit (No. 6.a) until trial where Defendant SMG can lay a proper foundation, provide authenticity, and proffer relevance.

D.  *Depositions*

Plaintiff Boulac objects to Defendant SMG's depositions of Deborah Boulac, Patricia Lawton, Steven Touliopoulos, Bryan Crowe, and Corey Hunter (No. 7.a – 7.e). The Court overrules all objections in this context and will instead address Plaintiff Boulac's separate objections to Defendant SMG's deposition designations (**Docs. 139–140; 142–143**) in a future order.

E.  *Expert Reports and CV's*

Defendant lists as exhibit 8 "Expert Reports and CV's," which Plaintiff Boulac objects to based on relevance, cumulative, hearsay, violative of the Court's scheduling order, and not produced during discovery. But Plaintiff Boulac qualifies her objections as not applicable to Dr.

Hendricks. The Court agrees and sustains the objection (except as to Dr. Hendricks), given the lack of specificity in Defendant SMG's exhibit list.

F.     *Various Broad Exhibits*

Defendant SMG lists as exhibits (No. 9 – 15, 17, 18) various general documents and broad items of evidence that simply seek conformity with existing rules of evidence and civil procedure. For instance, Defendant SMG lists "[a]ny and all documents relied upon by any expert including any opinion report produced," and "[a]ll documents produced by way of Subpoena to the extent no objections to the same are made." **Docs. 125, 141**. The Court sustains Plaintiff Boulac's objections to items 9 – 15, 18 because such items are already admissible/allowable under the Federal Rules of Evidence and Federal Rules of Civil Procedure. If a specific issue arises during trial related to these exhibits, the parties may bring it to the attention of the Court.

Plaintiff also objects to Defendant SMG's exhibit 17, "chronologies, summaries, and/or timelines" on the same grounds as above. The Court sustains this objection given the lack of specificity as to what the specific exhibit entails. If, during trial, Defendant SMG offers specific "chronologies, summaries, and/or timelines," the Court will hear from counsel on its admissibility.

G.     *Demonstrative Exhibits*

Defendant SMG lists as exhibit 16.a "exemplar cheerleading mat," which Plaintiff Boulac objects to on grounds of relevance, unfair prejudice, not produced during discovery, and the subject of Plaintiff's motion in limine (**Doc. 106**). For the reasons stated throughout this order and for the reasons stated in the Court's June 25 Memorandum Opinion and Order denying Plaintiff's motion in limine to exclude the photograph of a cheerleading mat (**Doc. 151**), the Court likewise overrules this objection.

### II.     Defendant SMG's Objections to Plaintiff Boulac's Exhibit List

Plaintiff Boulac filed her Final Exhibit List (**Doc. 126**) to which Defendant SMG raised only a couple objections (**Doc. 146**). First, the Court already addressed Defendant SMG's objections to Plaintiff's exhibits 35.1 – 35.15 in its Memorandum Opinion and Order regarding the applicability of § 3009.1. ***See* Doc. 158 at 7** ("Defendant SMG's objections to Plaintiff Boulac's exhibits 35.1–35.15 are SUSTAINED to the extent said exhibits contravene § 3009.1 and this ruling."). That leaves Defendant SMG's Rule 403 objection to Plaintiff's exhibit 37: an ablation needle for demonstrative purposes only.

The Court overrules the objection. For demonstrative purposes, the ablation needle's probative value is not substantially outweighed by a danger of unfair prejudice or confusion. This is especially true since Plaintiff Boulac also lists other ablation-related exhibits which are not objected to (exhibits 14–15) and seeing what an ablation needle looks like or what it is will be helpful to the jury.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Boulac's objections to Defendant SMG's Final Exhibit List (**Doc. 141**) is SUSTAINED in part, OVERRULED in part, and the Court RESERVES RULING in part.

- Plaintiff Boulac's objections to Defendant SMG's exhibits that are SUSTAINED:
    - IME Reports of Dr. G. Bhanusali (No. 4.b), Dr. John Esposito (No. 4.c), Dr. Vito Loguidice (No. 4.d), and Dr. Adam Soyer (No. 4.e);
    - "Expert Reports and CV's" (No. 8), except as to Dr. Randall Hendricks;
    - Various general documents and broad items of evidence (No. 9 – 15, 17, 18).

- Plaintiff Boulac's objections to Defendant SMG's exhibits that are OVERRULED:
    - Medical records and bills (No. 2.a – 2.p; 3.a – 3.q);

- o   IME Report by Dr. Randall Hendricks (No. 4.a);
    - o   Depositions of Deborah Boulac, Patricia Lawton, Steven Touliopoulos, Bryan Crowe, and Corey Hunter (No. 7.a – 7.e) (a separate order will issue);
    - o   Demonstrative exhibit cheerleading mat (No. 16.a).

- Plaintiff Boulac's objections to Defendant SMG's exhibits that the Court RESERVES RULING on:
    - o   Viacom/CBS Incident Report (No. 1.b);
    - o   Photo exhibits (No. 5.a – 5.b) and video exhibit (No. 6.a).

**IT IS FURTHER ORDERED** that Defendant SMG's objections to Plaintiff Boulac's Final Exhibit List (**Doc. 146**) is OVERRULED as to Plaintiff's exhibit 37, and MOOT as to Plaintiff's exhibit 35.1 – 35.15.

**IT IS SO ORDERED.**

/s/
WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE